Dismissed and Opinion filed December 5, 2002









Dismissed and Opinion filed December 5, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-01168-CR

____________

 

JOHN EUGENE WHITSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 263rd District Court

Harris County, Texas

Trial
Court Cause No. 431,583

 



 

M
E M O R A N D U M   O P I N I O N

After a jury trial, appellant was convicted of the offense of
burglary of a building and sentenced to imprisonment for sixty years on January
15, 1986.  By unpublished opinion filed
October 2, 1986, this Court affirmed the judgment of conviction.  See Whitson v. State, No.
A14-86-052-CR, (Tex. App.CHouston [14th Dist.] October 2, 1986, no pet.) (per curiam) (not designated for
publication). 








On March 11, 2002, appellant filed a request for appointment
of counsel for assistance in filing a motion for DNA testing pursuant to
article 64 of the Code of Criminal Procedure. 
See Tex. Code Crim. Proc. Ann. art. 64.01(c).  The trial court appointed counsel who filed  a motion for
scientific testing of DNA evidence.  On
August 28, 2002, the trial court granted the motion.  On September 6, 2002, the trial court adopted
the State=s proposed findings of fact,
concluding that appellant did not meet his burden to demonstrate that evidence
still exists in a condition making DNA testing possible, and denied appellant=s request for DNA testing.  

Appellant=s notice of appeal was not filed until October 30, 2002.  On October 24, 2002, appellant filed a motion
to extend time to file his notice of appeal. 
The motion is denied.

In criminal cases, the notice of appeal must be filed within
thirty days after the trial court enters an appealable
order.  Tex.
R. App. P. 26.2(a)(1).  The appellate court may extend the time to
filed the notice of appeal if, within 15 days after the deadline for filing the
notice of appeal, appellant files his notice of appeal in the trial court and
files a motion for extension of time in the appellate court.  Tex.
R. App. P. 26.3.  Appellant=s notice of appeal and motion for
extension of time were not filed timely.

A notice of appeal which complies with the requirements of
Rule 26 is essential to vest the court of appeals with jurisdiction.  See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim.
App. 1998).  If an appeal is not timely
perfected, a court of appeals does not obtain jurisdiction to address the
merits of the appeal.  Under those
circumstances it can take no action other than to dismiss the appeal.  See id.

Accordingly, the appeal is ordered dismissed.

PER CURIAM

 

Judgment rendered and Opinion
filed December 5, 2002.

Panel consists of Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish ‑ Tex. R. App. P. 47.3(b).